Craig Solomon Ganz (023650)
Michael A. DiGiacomo (032251)
Sarah A. Noe (036283)
BALLARD SPAHR LLP
1 E. Washington St., Suite 2300
Phoenix, AZ 85004-2555
Email:  ganzc@ballardspahr.com
Email:  digiacomom@ballardspahr.com
Email:  noes@ballardspahr.com
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Attorneys for STORE Master Funding II, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STORE Master Funding II, LLC, a Delaware limited liability company, | CASE NO. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Breach of Contract; Breach of the Duty of Good Faith and Fair Dealing)** |
| CPB Foods, LLC, a Kentucky limited liability company, | |
| Defendant. | |

Plaintiff STORE Master Funding II, LLC ("**STORE**" or "**Landlord**"), for its Complaint against Defendant CPB Foods, LLC ("**CPB**" or "**Tenant**") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. Plaintiff's sole member is STORE Capital Acquisitions, LLC, a Delaware limited liability company.  STORE Capital Acquisitions, LLC's sole member is STORE Capital Corporation, a Maryland corporation.  For purposes of diversity jurisdiction, Plaintiff is a citizen of the States of Delaware, Arizona, and Maryland.

2. Defendant CPB is a limited liability company organized under the laws of the State of Kentucky.  Based on a review of publicly filed documents, CPB only has one

member: Ryan D. Bridgeman. Upon information and belief, Ryan D. Bridgeman is an individual residing in Louisville, Kentucky. Upon information and belief, Defendant CPB is a citizen of the State of Kentucky, for purposes of diversity jurisdiction

3. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. For purposes of § 1332(a)(1), Plaintiff is a citizen of Delaware, Arizona, and Maryland. Defendant CPB, on information and belief, is a citizen of the State of Kentucky.

5. The amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper in the District of Arizona because the acts and events giving rise to the claims set forth herein took place fully, or in substantial part, in Maricopa County, Arizona.

7. In the Lease, as defined below, Parties agreed that "[f]or purposes of any action or proceeding arising out of this Lease, the parties hereto expressly submit to the jurisdiction of all federal and state courts located in the State of Arizona."

## GENERAL ALLEGATIONS

8. STORE, as Landlord, and CPB, as Tenant, entered into that certain Amended and Restated Lease Agreement dated March 27, 2018 for property located at 12255 US 49, Gulfport, MS (the "**Property**").

9. On or about April 1, 2020, STORE and CPB entered into that certain Amendment to Amended and Restated Lease Agreement dated April 1, 2020 (the "**Amendment**", together with the Amended and Restated Lease Agreement, the "**Lease**").

10. The parties agreed, under the Lease, that the Lease shall be governed by, and construed with, the Laws of the applicable state in which the Property is located, without giving effect to any state's conflict of Laws principles.

11. The Property is located in Mississippi.

12. Pursuant to the Lease, CPB was obligated, among other things, to pay base rent on or before the first day of each calendar month ("**Base Monthly Rent**").

13. CPB also agreed to pay additional rent, including all sums of money required to be paid by CPB to STORE which are not specifically referred to in the Lease as Base Monthly Rent.

14. Under the Lease, CPB agreed to pay a late charge of five percent (5%) of the unpaid sums in addition to a default interest rate. The Lease provides that, in the event that the CPB defaults in the payment of rent, the unpaid rent bears interest from the due date to the date of complete payment at a rate of eighteen percent (18%) per annum.

15. The parties agreed that the default rate would be computed from and including the date such payment was due through and including the date of the payment, not to exceed the maximum rate permitted by law.

16. Under the Lease, CPB agreed to lease the Property for an initial term that would terminate on April 30, 2028, subject to any renewals as agreed between the parties.

17. On or about April 10, 2020, STORE sent a Notice of Event of Default to CPB for failing to pay April 2020 rent.

18. On or about November 24, 2020, STORE sent a Notice of Event of Default to CPB for failing to pay November rent.

19. CPB has not paid Base Monthly Rent or additional rent to STORE since October 2020.

20. In November 2020, CPB sent a letter to STORE stating that CPB was relinquishing the premises to STORE.

21. On or about January 7, 2021, as a result of CPB's surrendered possession of the Property, STORE had the Property rekeyed.

22. As of the date of this filing, despite diligent effort, STORE has been unable to relet the Property.

23. Pursuant to the Lease, CPB's failure to pay rent when due is an Event of Default.

24. Pursuant to the Lease, because CPB's Event of Default is based on a failure to pay Base Monthly Rent, taxes, insurance, other charges, and monetary obligations,

STORE is entitled to accelerate and recover from CPB an amount equal to all rent and monetary obligations due and owing and scheduled to become due and owing under the Lease both before and after the date of such breach.

25. As of the date of this filing, CPB owes STORE $101,567.26, exclusive of interest, in unpaid rent, property taxes, and late fees.

26. Pursuant to the acceleration clause in the Lease, $1,249,386.44 is due and owning under the Lease as a result of CPB's default.

27. In addition to any relief to which it is entitled and pursuant to the Lease, STORE is entitled to all of its reasonable attorneys' fees and other costs incurred in exercising its rights and pursuing its remedies.

### FIRST CAUSE OF ACTION
### (Breach of Lease Agreement)

28. STORE incorporates all prior allegations of the Complaint as if fully set forth herein.

29. The Lease is a valid, binding, and enforceable agreement between STORE and CPB.

30. At all relevant times, the STORE, as landlord, performed its obligations under the Lease.

31. CPB has breached the Lease for the reasons set forth above, including without limitation by failing to pay Base Monthly Rent and additional rent as required under the terms of the Lease.

32. CPB has failed to pay the amounts owed prior to termination as required by the Lease.

33. As a result of CPB's breaches, STORE has been damaged in an amount to be proven at trial, but in no event less than $101,567.26, plus interest at the rate of 18% per annum, and reasonable attorneys' fees and costs incurred by STORE in the enforcement of its rights under the Lease pursuant to the terms thereof.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing – In the Alternative)**

34. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

35. The Lease is a valid contract entered into by STORE and the CPB governed by the laws of the State of Mississippi.

36. Mississippi law implies a duty of good faith and fair dealing into all contracts, including the Lease.

37. CPB owes a duty of good faith and fair dealing to STORE.

38. This duty requires the CPB to refrain from doing anything that prevents any other party to the contract from receiving benefits of the contract.

39. By the acts set forth herein, including, but not limited to, the CPB's failure to pay Base Rent and additional rent when due, CPB has breached its duty of good faith and fair dealing.

40. As a direct and proximate result of CPB's breach of its duty of good faith and fair dealing, STORE sustained damages in an amount to be proven at trial.

## ATTORNEYS' FEES AND COSTS

41. Plaintiff is entitled to attorneys' fees and costs expended in enforcing its rights and in prosecuting this action, pursuant to the Lease.

## CONDITIONS PRECEDENT

42. All conditions precedent have been performed, satisfied, have occurred, or have been waived.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff STORE prays that judgment be entered in its favor and against Defendant on each claim asserted herein, and that the Court grant the following relief:

A. With respect to the First Cause of Action, Plaintiff STORE requests that judgment be entered in its favor and against CPB, awarding damages in an

amount to be proven at trial, together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and bringing this action;

B. With respect to the Second Cause of Action, pleaded in the alternative, Plaintiff STORE requests that judgment be entered in its favor and against CPB, awarding damages in an amount to be proven at trial, together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and bringing this action;

C. Any such other and further relief the Court deems just and proper under the circumstances.

DATED this 11th day of March, 2021.

BALLARD SPAHR LLP

By: */s/ Sarah A. Noe*
    Craig Solomon Ganz
    Michael A. DiGiacomo
    Sarah A. Noe
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555
    Email: ganzc@ballardspahr.com
    Email: digiacomom@ballardspahr.com
    Email: noes@ballardspahr.com
    Telephone: 602.798.5400
    Facsimile: 602.798.5595

*Attorneys for Plaintiff*