**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STORE Master Funding II LLC, | No. CV-21-00420-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| CPB Foods LLC, | |
| Defendant. | |

Before the Court is Plaintiff STORE Master Funding II LLC's ("Plaintiff") Motion for Entry of Default Judgment. (Doc. 10.) For the following reasons, the Motion is granted.

**BACKGROUND**

In March 2018, Plaintiff entered into a lease agreement with Defendant CPB Foods, LLC ("Defendant"). (Doc. 1 at 2.) Pursuant to the lease, Defendant was obligated to pay monthly rent for a term ending in 2028. *Id.* at 2–3. The lease further provided for late penalties and authorized Plaintiff to accelerate and recover all monetary obligations under the Lease after a breach. *Id.* at 3–4. Plaintiff alleges that Defendant ceased performance under the contract in Fall 2020, and, as a result, Plaintiff is owed $103,998.79 in unpaid interest, property taxes, and late fees and $1,249,386 pursuant to the acceleration clause. *Id.*

Plaintiff filed suit on March 11, 2021. Defendant was served on March 15, 2021. (Doc. 7.) Defendant has not answered the Complaint or otherwise appeared in this action.

On April 15, 2021 the Clerk of the Court entered default against Defendant. (Doc. 9.) Plaintiff now seeks entry of default judgment from this Court. (Doc. 10.)

## DISCUSSION

### I. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party must apply to the court for a default judgment, according to Rule 55(b)(2), however, the district court has discretion to grant default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive claims, the court did not abuse its discretion in declining to enter a default judgment). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

When deciding whether to grant default judgment, the Court considers the following *Eitel* factors:

> "(1) the possibility of prejudice to the plaintiff[;] (2) the merits of the plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). As detailed below, the Court finds that the factors weigh in favor of granting Plaintiff's Motion for Entry of Default Judgment against Defendant.

### II. Analysis

#### A. Jurisdiction

As detailed below, the Court finds that it has both subject matter jurisdiction over

this action and personal jurisdiction over the parties.

### 1. Subject Matter Jurisdiction

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Complaint alleges that Plaintiff is a Delaware limited liability company ("LLC"). (Doc. 1 at 1.) Its sole member is STORE Capital Acquisitions, another Delaware LLC. STORE Capital Acquisitions' sole member is STORE Capital Corporation, a Maryland corporation. *Id.*; *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Defendant is a limited liability company organized under the laws of the State of Kentucky. (Doc. 1 at 1.) Plaintiff alleges that, upon information and belief, Defendant's sole member is a citizen of Kentucky. *Id.* The amount in controversy also exceeds $75,000. Therefore, the Court is satisfied that it has subject matter jurisdiction over this action.

### 2. Personal Jurisdiction

The Court also has personal jurisdiction over the parties. Plaintiff alleges that the "[p]arties agreed that '[f]or purposes of any action or proceeding arising out of this Lease, the parties hereto expressly submit to the jurisdiction of all federal and state courts located in the State of Arizona.'" *Id.* at 2. The Ninth Circuit has found that acceptance of a forum selection clause evidences consent to personal jurisdiction in that forum. *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007). Therefore, the Court finds it appropriate to exercise personal jurisdiction over Defendant.

## B. The *Eitel* Factors

### 1. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's Amended Motion. Plaintiff served Defendant on March 15, 2021. (Doc. 7.) Defendant has not answered the Complaint or otherwise appeared in this action. Plaintiff has no alternative means by which to resolve her claims against Defendant. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, Plaintiff will be prejudiced if a default judgment is not entered.

**2. Merits of Plaintiff's Claims and Sufficiency of the Complaint**

Considering the relationship between the second and third *Eitel* factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the Complaint together. The Ninth Circuit Court has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *Id.* at 1175 (citation omitted).

Plaintiff states a claim of breach of contract on which it may recover. The Complaint alleges that Plaintiff and Defendant entered into a lease agreement in March 2018 that would terminate in April 2028, subject to any renewals agreed to by the parties. (Doc. 1 at 2–3.) "Pursuant to the Lease, [Defendant] was obligated, among other things, to pay base rent on or before the first day of each calendar month." *Id.* at 2. Plaintiff also alleges that Defendant "agreed to pay a late charge of five percent (5%) of the unpaid sums in addition to a default interest rate." *Id.* at 3. In both April and November 2020, Plaintiff sent notices of event of default to Defendant for failure to pay the month's rent. *Id.* Plaintiff did not receive any payment from Defendant after October 2020, Plaintiff alleges that, "[p]ursuant to the Lease, because CPB's Event of Default is based on a failure to pay Base Monthly Rent, taxes, insurance, other charges, and monetary obligations, STORE is entitled to accelerate and recover from CPB an amount equal to all rent and monetary obligations due and owing and scheduled to become due and owing under the Lease both before and after the date of such breach." *Id.* at 3–4. Based on these alleged facts, the Court finds that Plaintiff sufficiently states a breach of contract claim against Defendant.

**3. Amount of Money at Stake**

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [the d]efendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. The amount of money at stake here—over $1 million dollars—is plainly significant. However, the evidence offered in support of Plaintiff's motion also demonstrates that the harm that Defendant's actions caused is supported by the pled contract terms. Therefore, the fourth factor weighs in favor of a default judgment.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor considers the possibility of dispute concerning the material facts. 782 F.2d at 1471-72. Here, there is very little possibility of dispute concerning the material facts. Defendant has not made any effort to challenge Plaintiff's Complaint or otherwise appear in this case, despite having been served with process in this action. Therefore, this factor weighs in favor of entering default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. There is no evidence that Defendant's failure to appear or otherwise defend was the result of excusable neglect. Plaintiff has prosecuted this matter since its inception, while Defendant has failed to appear and defend this action. Thus, the sixth *Eitel* factor weighs in favor of entering default judgment.

### 6. Policy Disfavoring Default Judgment

Under the seventh *Eitel* factor, the Court considers the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b), however, indicates that the preference for resolving cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177. Because Defendant has neither appeared nor responded in this action, deciding this case on the merits is "impractical, if not impossible." *Id.* Thus, the seventh *Eitel* factor does not preclude the entry of default judgment.

### C. Damages

In contrast to the other allegations in the Complaint, allegations pertaining to damages are not taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). As a result, "Plaintiff is required to prove all damages sought in the complaint." *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "The damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on

the declarations submitted by the plaintiff[.]" *Philip Morris USA*, 219 F.R.D. at 498.

Plaintiff seeks total damages of $1,360,217.83, comprising $103,998.79 in unpaid rent, property taxes, and late fees, $1,249,386.44 pursuant to the acceleration clause, and $6,251.60 in attorney's fees, and $581.00 in costs. The sought amounts are supported by declaration of Plaintiff's Counsel Lyena Hale, Plaintiff's Senior Vice President. (Docs. 13-1, 13-2.) At the July 30, 2021 hearing, Plaintiff's Counsel specified that Plaintiff seeks the statutory post-judgment interest rate. The Court therefore finds that entry of default in the amount of $1,360,217.83 is proper.

## CONCLUSION

Because the Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant, and the application of the *Eitel* factors weigh in favor of the entry of default judgment, Plaintiff's Motion for Entry of Default Judgment against Defendant is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Clerk shall enter Judgment in favor of Plaintiff and against Defendant as follows:

1. An award of damages in the liquidated sum of $1,353,385.23 plus post-judgment interest at the statutory rate of .07% from the date of this Order.
2. An award of taxable costs in the amount of $581.00.
3. An award of attorneys' fees in the amount of $6,251.60.

Dated this 2nd day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge